**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY ANDREW FRIEND,
a/k/a Bradley Andrew Schutt,

Defendant - Appellant.

No. 25-5083
(D.C. No. 4:25-CR-00013-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH** and **MORITZ**, Circuit Judges.
_____

Pursuant to a plea agreement, Bradley Andrew Friend pleaded guilty to

coercion and enticement of a minor and was sentenced to 200 months in prison

followed by fifteen years of supervised release. He then filed this appeal. His plea

agreement contains an appeal waiver that the government now moves to enforce. *See*

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls

within the scope of the waiver of appellate rights; (2) whether the defendant knowingly

and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

result in a miscarriage of justice . . . ." *Id.* at 1325. Mr. Lawrence, through counsel, has acknowledged that the appeal waiver is enforceable and therefore does not contest the government's motion. Our independent review confirms the enforceability of the appeal waiver. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam